# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| MICHAEL HARMEYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-90-TLS |
| | ) | |
| KENNETH FRIES, Sheriff, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Michael Harmeyer, a prisoner confined at Miami Correctional Facility who is proceeding *pro se* in this matter, filed this action pursuant to 42 U.S.C. § 1983 alleging that Allen County Jail officials violated his federally protected rights while he was a pre-trial detainee confined at the jail. The Defendants are Allen County Sheriff Kenneth Fries and Jail Commander Charles Hart.

## SCREENING STANDARD

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it (or any portion of it) if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts apply the same standard under § 1915A as when addressing a motion to dismiss

under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the following standard regarding the factual allegations that are required to survive dismissal for failure to state a claim:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). A court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, a court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a

2

complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

## COMPLAINT ALLEGATIONS

In his Complaint, the Plaintiff alleges that in November 2008, while he was a pre-trial detainee housed at the Allen County Jail, he asked jail officials for "legal material to help [him] prepare for [his] up and coming trial." (Compl. 3, DE 1.) The Defendants denied his request because he was represented by counsel on the criminal charges against him. (Compl. 7.) He states that he "wrote several requests explaining how [his] attorney would not help [him] in any way." (Compl. 4.) The Plaintiff alleges that the Defendants' failure to allow him access to legal materials denied him "'due process' of the law" and caused him "cruel and unusual punishment." (Compl. 5.) " He claims that the Defendants thereby violated his "U.S. constitutional rights, and [his] civil rights to help assist for a proper defense for trial. Thus which [sic] caused [him] cruel and unusual punishment, undue stress and mental anguishment [sic], and caused [him] to plead guilty to a crime [he] didn't [commit]." (Compl. 3; *see also* Compl. 4.)

## DISCUSSION

The Plaintiff has brought this action under 42 U.S.C. § 1983, which provides a cause of

action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States and show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court begins by considering whether the Plaintiff has been deprived of a right secured by the Constitution or laws of the United States. The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The Supreme Court has explained that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds*, 430 U.S. at 825). The Seventh Circuit has instructed that "access to legal materials is required only for unrepresented litigants," *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007) (citing *Bound*, 430 U.S. at 830–32), and that "proof that a lack of access to legal materials has undermined a concrete piece of litigation is an essential component of any claim along these lines," *Campbell*, 481 F.3d at 968 (citing *Lewis*, 518 U.S. 343).

According to his Complaint, the Plaintiff sought access to legal materials to help defend against criminal charges he was facing. The Complaint and its attachments establish that the Plaintiff was represented by counsel in his criminal case, that Defendant Hart denied the

4

Plaintiff's grievance regarding access to legal materials because he "[was] represented by counsel," and that Defendant Hart directed him to "contact [his] counsel for legal materials." (Compl. 7.) In his Complaint, the Plaintiff concedes that he was represented by an attorney in the underlying criminal case but asserts that he did not think his attorney would "help him in any way." (Compl. 4.) Because the Plaintiff was represented by counsel, his claim that the Defendants did not afford him access to legal materials that would assist him as a pre-trial detainee in preparing a defense against his criminal charges states no claim upon which relief can be granted.

For the foregoing reasons, the Court DISMISSES the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

SO ORDERED on May 17, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT